UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| We, the People Preamble Citizen of the United States Government in the Family of Nations, Sakima Iban Salih El Bey, *a/k/a Francis Marion Savall,* | ) ) ) ) ) | C/A No. 0:11-1026-SB-BM |
| Plaintiff, | ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| Lieutenant Davis; Officer Firebaugh; Lancaster Police Department Chief of Police Harlean Howard; City of Lancaster Mayor Joe Shaw; State of South Carolina Governor Nikki Haley, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Sakima Iban Salih El Bey ("Plaintiff"), proceeding *pro se*, brings this civil action seeking damages based on alleged violations of his constitutional rights. This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Further, under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute



allows a district court to dismiss the case *sua sponte* upon a finding that the action "fails to state a

claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against

a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made

where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504

U.S. 25, 31 (1992); *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71

(5th Cir. 1995). In making this determination, the Court is not bound to accept without question the

truth of Plaintiff's allegations, but rather need only weigh Plaintiff's factual allegations in his favor.

*Id.*

## Background

Plaintiff filed this civil action on April 29, 2011, pursuant to 42 U.S.C. §§ 1983 and

1985, and alleges that the Defendants violated his constitutional rights. Plaintiff alleges that he is,

"Sakima Iban Salih El Bey Preamble Citizen of the United States, National of the United States,

Wahitaw De Dugdamoundya Citizen, Free White person, Natural Born Citizen, Natural Person, real

hueman, true hueman." Compl. 1. He also alleges that he is, "We, the People, Preamble Citizen of

the United States Government in the Family of Nations." *Id.* The facts which Plaintiff complains

about are as follows:

> On April 12th 2011 pe[ti]tioner was traveling by moving vehicle on willow lake road
> to my place of house keeping. Petitioner pulled in the driveway and a police car
> pulled in behind the vehicle. Petitioners wife came outside when he pulled up.
> Petitioner exited the vehicle and officer Firebaugh turned on the bright head light and
> told pe[ti]tioner to stay in the vehicle. Petitioner did so, and Officer firebaugh
> ask[ed] for license and registration. Pe[ti]tioner explained the vehicle was having
> problems and that he did not need a drivers license according to SCC 56-3-120(2).
> Officer Firebaugh was given identification, proving the vehicle is the private property
> of petitioner and being exempt for drivers license. Petitioner explained "Im not a 14th
> amendment citizen, n[ei]ther do I accept your offer not am I within "Public Policy"
> of a commercial nature – Uniform Commercial Code." By that time L[ie]utenant



2

> Davis arrived and took over authority, command and jurisdiction.  After reviewing the documents, and looking at the computer in Officer Firebaughs police car, he then told officer Firebaugh to arrest petitioner.  Petitioner was handcuffed and placed into a police car.

Compl. 5-6.

Plaintiff then alleges that Defendant Davis yelled at Plaintiff's wife concerning that Davis was going to impound and tow the vehicle.  *Id.* at 6.  During Plaintiff's ride to jail, Plaintiff allegedly told Firebaugh that Plaintiff "was not in his jurisdiction," and Firebaugh responded, "I was told to arrest you and to tow the vehicle." *Id.*  Based on those factual circumstances, Plaintiff alleges that the law enforcement officers falsely arrested him because South Carolina statutes give Plaintiff an exemption from the need to have a driver's license.

Plaintiff claims that Defendant Howard, the Chief of Police for the City of Lancaster, was responsible for supervising and training Defendants Davis and Firebaugh, and that Howard failed to properly train officers concerning arrests, breach of peace, civil rights, and knowledge of the South Carolina statutes "dealing with exemption of drivers license and registration."  Compl. 2. Plaintiff alleges that the law enforcement Defendants (Davis, Firebaugh, and Howard) deliberately used unreasonable force in towing his vehicle from his driveway.  Plaintiff alleges that "there is no definition for 'Speeding' where defendants knew or should have known that to charge for speeding is und[e]finable with the SCC.  Thus created a reason to arrest petitioner on a fic[ti]tious allegational code inter alia."  Plaintiff alleges that the law enforcement Defendants conspired together to violate Plaintiff's civil rights.

Plaintiff alleges that the City of Lancaster "is being sued in its capacity as employer and principal of" Davis, Firebaugh, and Joe Shaw, the Mayor of the City of Lancaster.  Compl. 3.



Plaintiff alleges that he sues Nikki Haley because she is responsible as the "CEO or manager, Governor" for unlawful policies and training. Plaintiff alleges that his constitutional right "to be free to travel with no registration or drivers license to exercise those mentioned by traveling in my private property-vehicle" was violated; Compl. 3-4; and that the City of Lancaster has an official policy "to arrest citizens not in their jurisdiction who are compliant with south carolina codes i.e. 56-3-120." Plaintiff further alleges that he was deprived of his "Constitutional Privileges and Immunities to travel freely and move my vehicle upon a highway incident[]ally." It appears that Plaintiff seeks to recover damages from Defendants Howard, Shaw, and Haley, because they have a bond pursuant to South Carolina law. Plaintiff also seeks compensatory damages against each Defendant pursuant to 42 U.S.C. §§ 1983 and 1985.

This Court takes judicial notice that Plaintiff was issued traffic violations (driving under a suspended license, operating an uninsured vehicle, and failing to register his vehicle) in Lancaster, South Carolina, on a previous occasion, for which he was found guilty.[1] *See We, the People, Sakima Iban Salih El Bey, National of the United States, Preamble Citizen of the United States General Government v. Davis,* C/A No. 0:05-3461-SB-BM, Order, ECF No. 7 (D.S.C. May 31, 2006), *aff'd,* Op., Dec. 28, 2006, ECF No. 15. Plaintiff filed that previous federal lawsuit to attempt to establish that he was not subject to the jurisdiction of the State of South Carolina and that the traffic tickets were a violation of his constitutional rights. *Id.* This Court found that Plaintiff's

---

[1] It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



earlier case did not raise valid legal issues, and dismissed that action without prejudice and without requiring the Defendants to file a return. *Id.*

Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff fails to allege a cognizable claim because there is no constitutional right to travel on highways or private property without a driver's license.  The constitutional right to freely travel interstate does not prohibit a state's right to require a driver's license. *See Duncan v. Cone*, No. 00-5705, 2000 WL 1828089 (6th Cir. Dec. 7, 2000); *John Doe No. I v. Georgia Dep't of Pub. Safety*, 147 F.Supp.2d 1369 (N.D.Ga. June 6, 2001).  Moreover, while South Carolina Code § 56-3-120(2), relied upon by Plaintiff, indicates that certain vehicles are exempt from registration and licensing, that statute is silent about a driver's need to obtain a license to drive a vehicle.  Thus, Plaintiff's argument that, pursuant to S.C. Code Ann. § 56-3-120(2), he was falsely arrested for driving a vehicle while he did not have a driver's license, is frivolous because that code section is



not applicable to drivers' licenses.[2]  While Plaintiff also seems to imply that he was wrongfully

arrested for speeding because speeding is not defined in the South Carolina Code, this argument is

baseless.  *See* S.C. Code Ann. §§ 56-5-1520, 56-5-1540.  In other words, Plaintiff's Complaint is

meritless because he raises inarguable legal conclusions.[3] *See Neitzke v. Williams*, 490 U.S. 319, 325

(1989); *Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word

'frivolous' is inherently elastic and 'not susceptible to categorical definition'").

Further, even if Plaintiff's complaint did state a cognizable claim, this action is

subject to dismissal   for other reasons.  At the time Plaintiff filed this lawsuit, he was not

incarcerated.  It is not revealed whether Plaintiff's charges, stemming from the April 12, 2011, arrest,

have been terminated or whether Plaintiff posted a bond for release pending the resolution of the

charges against him (presumably for driving a vehicle without a driver's license or speeding).

However, if Plaintiff has criminal charges pending against him, then this Court should abstain from

deciding this action under *Younger v. Harris*, where the Supreme Court held that a federal court

should not equitably interfere with state criminal proceedings "except in the most narrow and

extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The *Younger*

Court noted that courts of equity should not act unless the moving party has no adequate remedy at

law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S.  37, 43-

---

[2] This Court acknowledges that the statute of limitations for a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment may have begun to run depending on whether Plaintiff was detained pursuant to legal process.  *See Wallace v. Kato*, 549 U.S. 384 (2007). However, because Plaintiff's false arrest claim is legally frivolous, service of process is not recommended.

[3] This action is similar to Plaintiff's previous frivolous lawsuit in this Court (noted in the above Background section) seeking to overturn traffic convictions because his constitutional rights had been violated.



44 (1971).  From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled

the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial

proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate

opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Maryland*

*Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics*

*Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).   In this case, Plaintiff may be

involved in an ongoing state criminal proceeding, and the second criterion has also been met: "[T]he

States' interest in administering their criminal justice systems free from federal interference is one

of the most powerful of the considerations that should influence a court considering equitable types

of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  As for the third criterion, "ordinarily a

pending state prosecution provides the accused a fair and sufficient opportunity for vindication of

federal constitutional rights.'"  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler*

*v. Helfant*, 421 U.S. 117, 124 (1975)).  Hence, if charges are pending against Plaintiff, he may raise

his constitutional argument about the right to travel in the local proceedings.

   Alternatively, if Plaintiff's criminal charges have been resolved, Plaintiff may bring

a claim for damages based on his unlawful incarceration only if he can demonstrate that the

conviction or sentence has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

This is known as the "favorable termination" requirement.  *See Wilson v. Johnson*, 535 F.3d 262 (4th

Cir. 2008).  The Supreme Court has held that in order to recover damages for imprisonment in

violation of the Constitution, the imprisonment must first be successfully challenged.  *See Heck v.*

*Humphrey*, 512 U.S. 477 (1994).



We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.

Plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his conviction (presumably for driving a vehicle without a driver's license or speeding). Thus, Plaintiff's claim for unlawful incarceration should be dismissed.

<u>Conclusion</u>

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

**Plaintiff's attention is directed to the important notice on the next page.**

June 17, 2011
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).